Argued December 15, 1977, affirmed January 30, 1978

## STATE OF OREGON, *Respondent,*
*v.*
## EDDIE JOE MUSTAIN, *Appellant.*
(No. 96685, CA 8535)
574 P2d 674

**1. Criminal law—Bargaining between defendant and prosecutor**

Bargaining between defendants and prosecutors is legitimate and vital part of criminal justice system.

**2. Criminal law—Bargaining**

With respect to bargaining between defendant and prosecutor, it is role of appellate court to insure defendant what is reasonably due in circumstances.

**3. Criminal law—Motion for dismissal—Continuance**

Motion for dismissal alleging that defendant relied upon deputy district attorney's agreement to dismiss prosecution if he was convicted in Washington proceeding in requesting that trial date be set over was properly denied where defendant did not act to his detriment in reliance on promise, promise did not affect Washington proceeding, defense counsel initiated request for continuance, continuance was in defendant's best interest and defendant was not prejudiced in preparing and presenting case by state's failure to fulfill promise.

CJS, Criminal Law § 414.

Rex Q. Smith, Portland, argued the cause and filed the brief for appellant.

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant was tried jointly with Arthur Lynn Broadsword and convicted of burglary in the first degree. ORS 164.225. He appeals, making four assignments of error. Three of those assignments are resolved adversely to defendant in *State v. Broadsword,* decided this day.

Defendant additionally assigns as error the denial of his motion for dismissal or continuance based upon an alleged agreement with a deputy district attorney.

Defendant and Broadsword were first tried in August, 1976, but that proceeding ended in a mistrial. Retrial was originally set for a date in October, 1976. In late September defendant requested that the trial be reset to a later date. Defendant's counsel gave several reasons for the request, including the possibility of "compromise or dismissal * * * depending on the outcome of certain matters which should be resolved in the next few weeks * * *." Apparently the matters to which counsel referred included charges pending against defendant in the state of Washington.

After the Washington proceeding had resulted in a hung jury, defendant moved for a continuance until after the Washington retrial. Among the reasons given at that time were the alleged agreement with the State and difficulty in obtaining a transcript of the first trial, which counsel felt was vital to the defendant. Trial was again reset.

Before finally going to trial, defendant's case was reassigned to a different deputy in the district attorney's office. On December 9, the second deputy sent a letter to defense counsel stating:

"I understand that you have had some understanding with [the deputy district attorney originally assigned to this case] regarding the disposition of [this case] pending criminal matters in other jurisdictions.

"After having reviewed the facts of this case and the defendant's background, this is to advise you that I will

[ 341 ]

not consent to a dismissal of these charges unless it involves a guilty plea by the defendant to burglary in the second degree in this county or a plea of guilty to a burglary in the other jurisdiction as part of a plea bargain. * * *"

At the pre-trial hearing on defendant's motion his counsel testified as follows:

"* * * I had a conversation with a [deputy district attorney] on September 17th, many weeks prior to the retrial setting. At that time both counsel, myself and [the deputy district attorney], for reasons we felt were in the interests of our clients, entered into an agreement to reset the case with [the deputy district attorney] also representing that in the event my client was convicted in the State of Washington, it would result in dismissal of this case here. I believe that in reconstructing my file, I consented on behalf of my client to a reset of the instant case in reliance on the agreement that I was entering into with the State, namely that this case would be dismissed if Mr. Mustain were convicted in the State of Washington, sentenced to the penitentiary."

The second deputy testified that

"[t]he request for a continuance was initiated by the defendant's attorney. He was the one that called and said hey, we want a continuance. [The first deputy district attorney] simply gratuitously offered, 'well, that is fine. If I have anything to do with the case I'll probably dismiss it if he gets time up in Washington.' "

Following the testimony of defense counsel and the deputy district attorney, defendant requested that the prosecutor originally assigned to the case be allowed to testify. The court denied the request and denied defendant's motion, stating only that the deputy district attorney's letter of December 9 "sets it out pretty well." At that time, defendant had been convicted in Washington, but not sentenced. Prior to sentencing in this case, defendant was sentenced to the penitentiary on the Washington conviction. The motion to dismiss was renewed at that time.

Two general questions are presented. First: What are the requirements for the enforcement against the

state of a promise made to defendant? Second: Are those requirements met in this case?

It has now been widely recognized that bargaining between defendants and prosecutors is a legitimate and vital part of the criminal justice system (*see Bordenkircher v. Hayes,* 434 U.S. 357, 98 S Ct 663, 54 L Ed 2d 604 (1978)) and that it is the role of appellate courts "to insure the defendant what is reasonably due in the circumstances." *Santobello v. New York,* 404 US 257, 262, 92 S Ct 495, 499, 30 L Ed 2d 427, 433 (1971); *Stewart v. Cupp,* 12 Or App 167, 506 P2d 503 (1973); *see generally* Annotation, 43 ALR3d 281. In both *Santobello* and *Stewart* the defendant gave up substantial rights in reliance on the state's promise. In *Santobello* the defendant entered a plea of guilty to a lesser included offense in exchange for the prosecutor's promise to make no sentencing recommendation. In *Stewart* the defendant pleaded guilty to certain charges in exchange for dismissal of other charges.

Defendant contends here that the purported promise should be enforced because defendant relied upon the promise in requesting that the trial date be set over. Apparently defendant seeks to invoke a doctrine similar to the "promissory estoppel" set forth in *Schafer et al v. Fraser et ux,* 206 Or 446, 290 P2d 190 (1955), and Restatement of the Law, Contracts, § 90. Even assuming that the doctrine of promissory estoppel would be applied in this area upon the same basis it is applied to other types of promises, defendant has failed to meet the rigorous requirements for the application of that doctrine as set forth in *Schafer.* Defendant made no showing that he had acted to his detriment in reliance on the promise. There was no indication that the promise affected the Washington proceedings in any way. There was, however, uncontradicted testimony that defendant's counsel initiated the request for continuance and evidence that for various reasons a continuance was in defendant's best interests. Defendant was not prejudiced in

preparing and presenting his case by the state's failure to fulfill its promise in this case, if any was made.[1] The motion was properly denied.

Affirmed.

[1] ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 4.3(c) provides:

"If the prosecutor finds he is unable to fulfill an understanding previously agreed upon in plea discussions, he should give notice promptly to the defendant and cooperate in securing leave of the court for the defendant to withdraw any plea and take other steps appropriate to restore defendant to the posture he was in before the understanding was reached or plea made."